## State of Vermont v. Daryl E. Hegarty

[296 A.2d 234]

No. 21-72

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed October 3, 1972

*Kimberly B. Cheney,* State's Attorney, and *Robert W. Gagnon,* Deputy State's Attorney, for Plaintiff.

*Robert J. Kurrle, Esq.,* of *Richard E. Davis Associates,* Barre, for Defendant.

**Shangraw, C.J.** Trooper Wilson of the Vermont State Police observed a motor vehicle operated by the defendant on Route 14, a public highway in the Town of Barre, on January 25, 1972, in a weaving manner. The officer stopped the truck operated by the defendant. He observed a strong smell of alcoholic beverage on defendant's breath and that his eyes were

red. The trooper requested the defendant to get out of the truck and while walking back to the trooper's cruiser he also noticed that the defendant walked in a swaying fashion. The officer formed the opinion that the defendant was under the influence of intoxicating liquor.

The defendant was taken to the Barre Police Station. An implied consent procedure form was then read to him by the trooper. The form, among other things, contained the provisions that blood, breath, urine and saliva tests were reasonably available.

Defendant stated that he desired a saliva test. He was then advised by the trooper that this particular test was not available. Defendant requested permission to telephone his attorney which was granted. On his first telephone call the defendant was unsuccessful in contacting his attorney. Later, after a period of about 35 minutes he reached his lawyer and was advised by him not to take any test. He continued to refuse to take any other test even though he was afforded the opportunity of selecting another available one.

To summarize, the defendant was offered the four tests, which, from the form read to him, were referred to as "available tests". He selected the saliva test and was promptly and clearly informed that such a test was not available. He was then asked to select one of the other three tests. This he refused to do, still demanding the saliva test. There can be no question that the defendant knew what tests were available and that the saliva test could not be given.

Later, the defendant was charged with having operated a motor vehicle while under the influence of intoxicating liquor, a violation of 23 V.S.A. § 1201(a). The complaint was issued by the state's attorney of Washington County. At the time of arraignment on February 4, 1972, a summary hearing was held under the provisions of 23 V.S.A. § 1205, and it was determined by the court that Trooper Wilson had sufficient reason to believe that the defendant was operating a motor vehicle while under the influence of intoxicating liquor at the time and place so charged.

It is from the court's order of the suspension of his operator's license for a period of six months that the defendant has appealed to this Court.

A comparable situation was thoroughly explored by Associate Justice Keyser in the case of *State* v. *Mastaler,* 130 Vt. 44, 285 A.2d 776, decided at the 1971 October Term of this Court. In that case the defendant was offered his choice of tests. He initially chose a breath test but wanted it administered by a doctor. He was informed this could not be done but that a state police officer would give the test. He then selected a saliva test and continued to demand such a test after he was informed that this test was not available.

In the *Mastaler* case, *supra,* 285 A.2d at 782, this Court held:

"... it is necessary for the operator to select and submit to a test that is reasonably available if he is to avoid the effect of a summary hearing and the imminent danger of a suspension of his license for six months."

Given the choice of the reasonably available tests, blood, breath, or urine, the law required the defendant to submit to one of such tests and lacking this, it was tantamount to a refusal.

It is apparent that no error is shown or apparent from the record of the proceedings in the district court. The court's determination that the defendant's operator's license be suspended for a period of six months pursuant to 23 V.S.A. § 1205 must be sustained. The appeal is without merit.

It is our understanding that at present the State does not have available facilities for taking the saliva test. This fact, no doubt, was known to the trooper. By reading its inclusion in the implied consent procedure form to the defendant, the trooper obviously did so unintentionally. It was shortly thereafter made known to the defendant that such a test was not available.

*Affirmed.*